UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-24655-ALTMAN/Sanchez

**KIMERA LABS, INC.**,

    *Plaintiff*,

v.

**RAJ JAYASHANKAR,** *et al.*,

    *Defendants.*

_____/

## ORDER

This case arises out of another case—*Kimera Labs, Inc. v. Raj Jayashankar, et al.*, Case No. 21-cv-02137 (S.D. Cal. Dec. 28, 2021) (Anello, J.)—which is currently being litigated in the Southern District of California, *see* Non-Party Dr. Selinger's Motion to Quash Subpoenas (the "Motion to Quash") [ECF No. 1] at 3. In that California case, the Plaintiff (Kimera Labs, Inc.) alleges that the Defendants (Raj Jayashankar; Exocel Bio, Inc.; Alejandro Contreras; and Deb Hubers) "misappropriated Kimera's trade secrets." *Ibid.* Kimera claims that it has "developed a highly lucrative scientific trade secret process used to manufacture exosomes and exosome related products on commercial scale." Kimera's Motion for Leave to Depose Non-Party Witness Dr. Melissa Selinger (the "Motion to Depose") [ECF No. 16] at 1. Kimera adds that the "Defendants stole Kimera's process and customer list, used Kimera's processes and information to develop their own exosomes and exosome related products, sold exosomes and exosome related products to Kimera's customers, and generated millions in profits based on Kimera's trade secrets." *Id.* at 1–2.

According to the Plaintiff, "[n]on-party Dr. Melissa Selinger . . . is a critical witness to the trade secret lawsuit between Kimera and Defendants because she was the person who gave Kimera's trade secrets process to Defendants." *Id.* at 2. Kimera "requested that Dr. Selinger be deposed" in October

of 2023, and "Dr. Selinger agreed to be deposed on December 15, 2023." Motion to Quash at 3. Kimera subsequently deposed Dr. Selinger on February 22, 2024, and the Defendants deposed Dr. Selinger the very next day. *See* Motion to Depose at 2. On February 23, 2024, "Dr. Selinger agreed to sit for additional time, beyond the seven allotted hours, for Kimera to redirect," and "Kimera's counsel redirected Dr. Selinger on three significant factual issues important to Kimera's case." Non-Party Dr. Selinger's Response in Opposition to Kimera's Motion for Leave to Depose Dr. Selinger (the "Selinger Response") [ECF No. 19] at 5.[1] These "back-to-back depositions total[ed] over 14 hours[.]" *Ibid*.

Nonetheless, Kimera now seeks our leave to depose Dr. Selinger for two *additional* hours, *see* Motion to Depose at 4, because "Dr. Selinger resides more than 100 miles from Southern District of California's Courthouse and probably cannot be compelled to testify at trial," *id.* at 3; *see also* FED. R. CIV. P. 45(c)(1)(A) ("A subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person . . . ."). Dr. Selinger and the Defendants oppose this request and have filed separate responses expressing their opposition. *See generally* Selinger Response; Defendants' Response in Opposition to Kimera's Motion for Leave to Depose Non-Party Witness Dr. Selinger (the "Defendants' Response") [ECF No. 20]. This Order follows.

## THE LAW

Unless otherwise "stipulated or ordered" by the court, "a deposition is limited to 1 day of 7 hours." FED. R. CIV. P. 30(d)(1). The Advisory Committee Notes to Rule 30 provide that "[t]he party seeking a court order to extend [a deposition], or otherwise alter the limitations, is expected to show good cause to justify such an order." FED. R. CIV. P. 30 advisory committee's notes. "The

---

[1] Kimera, of course, rejects this characterization. *See* Kimera's Reply in Support of its Motion to Depose (the "Reply") [ECF No. 24] at 6 (claiming that its "so-called re-direct examination can hardly be characterized as thorough, complete, sufficient, or adequate").

determination of whether good cause exists is fact specific," *Margel v. E. G.L. Gem Lab Ltd.*, 2008 WL 2224288, at *8 (S.D.N.Y. May 29, 2008), and "the availability of a second deposition is left to the sound discretion of the district court," *C.H. by Hilligloss v. Sch. Bd. of Okaloosa Cnty., Fla.*, 2021 WL 8918070, at *2 (N.D. Fla. July 19, 2021) (Cannon, Mag. J.) (cleaned up). While Rule 30 requires the court to "allow additional time . . . if needed to fairly examine the deponent," it also requires the court to limit cumulative, duplicative, or burdensome discovery, "consistent with Rule 26(b)(1) and (2)." FED. R. CIV. P. 30(d)(1); *see also Kleppinger v. Tex. Dep't of Transp.*, 283 F.R.D. 330, 333 (S.D. Tex. 2012) ("Rule 30(d)(1), similar to Rule 30(a)(2), requires a court to guard against redundant or disproportionate discovery, stating that any additional deposition time must be consistent with Rule 26(b)(2).").[2]

## ANALYSIS

Having carefully reviewed the Motion to Depose, the Responses, the Reply, and the governing law, we now **DENY** the Motion to Depose for three reasons.

*First*, far from being deprived of an opportunity to depose Dr. Selinger, Kimera has already deposed Dr. Selinger for *over* seven hours—longer than the time prescribed by Rule 30 of the Federal Rules of Civil Procedure. *See* Motion to Depose at 2 (acknowledging that Kimera's deposition of Dr. Selinger on February 22, 2024, "lasted for seven hours"); *see also* Reply at 5 (noting that Kimera re-

---

[2] Under Federal Rule of Civil Procedure 26:

> [T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

FED. R. CIV. P. 26(b)(2)(C).

directed Dr. Selinger for "approximately two minutes" on February 23, 2024, but lamenting that "Kimera's re-direct examination was only 1.6% of the total cross-examination time"). While Kimera concedes that it deposed Dr. Selinger for a full seven hours, it insists that "time was wasted" because "Defendants (through counsel) continuously interrupted . . . by interposing long-winded objections," and "even more time was wasted due to technical issues such as low battery warnings and disruptive noises." Motion to Depose at 7–8; *see also id.* at 2 ("Although the deposition *arguably* lasted for seven hours, significant time loss occurred through no fault of Kimera." (emphasis added)). But these are relatively routine problems that (for better or worse) afflict most (if not all) depositions. And we don't, like a chess clock, pause one side's time whenever the other party objects to a question. On the contrary, where "it is undisputed that [a deponent] was deposed for slightly more than seven hours," courts routinely "find[ ] that an additional deposition [ ]—beyond the already expended seven-plus hours—is unwarranted." *Adelson v. Berkshire Life Ins. Co. of Am.*, 2022 WL 19404235, at *2 (S.D. Fla. Feb. 10, 2022) (Valle, Mag. J.). This is true even when a deponent is a "central figure in a case." *C.H. by Hilligloss*, 2021 WL 8918070, at *3 ("The fact that Gilmore is a material witness does not justify going beyond the agreed upon time or the seven-hour time limit.").

*Second*, and relatedly, we're unpersuaded by the Plaintiff's argument that it's entitled to two more hours of deposition time to "perform a re-direct examination of Dr. Selinger [in order to] rehabilitate her credibility[.]" Motion to Depose at 5. In Kimera's words:

> Kimera also has good cause to depose Dr. Selinger for two additional hours because the authentication of documents and substantive testimony occupied almost all of the deposition time. Kimera needed Dr. Selinger to authenticate about 420 pages of documents including WhatsApp messages where Selinger is communicating to Defendant about the trade secret misappropriation . . . . This slowed Kimera's ability to question Dr. Selinger because authentication had to happen page by page. Correspondingly, Kimera did not have time to question Dr. Selinger on impeachment bias issues (assuming Kimera could guess what Defendants would ask) because the remainer [sic] of the deposition was necessarily devoted to obtaining discovery regarding Defendants' elaborate plan to steal Kimera's trade secrets and start a

4

> competing business. This testimony occupied all of the remaining deposition time (excluding the many interruptions described below), which did not leave Kimera with an opportunity to rehabilitate Dr. Selinger. Dr. Selinger's testimony in this regard was essential to discovering additional facts in the case and will be even more essential at trial to prove the truth of the matter asserted. This is why Dr. Selinger's credibility is so important and why two additional hours for rehabilitation is necessary.

*Id.* at 7.

But Kimera must live with the strategy *it* chose to employ in *its* examination of Dr. Selinger. We thus cannot agree that *its* decision not to focus on the witness's credibility during *its* allotted time is evidence of unfairness (much less of "extraordinary circumstances," *see* Motion to Depose at 10). Judge Rosenbaum (then a magistrate judge) said something similar in *Arugu v. City of Plantation*:

> Because both parties agree that Meisel was previously deposed in this matter and the parties have not stipulated to re-deposing Meisel, the principles set forth in Rule 26(b)(2), Fed. R. Civ. P. govern the Motion to Re-depose now before the Court . . . . The Advisory Committee Notes to Rule 30(d) make clear that the party seeking a court order to extend a deposition or otherwise alter the limitations must show good cause to justify such a court order.
>
> Upon full consideration of the parties' arguments, the Court finds that no good cause exists to allow Plaintiff to re-depose Meisel in this matter. Instead, Rule (b)(2)(C), Fed. R. Civ. P., requires in this case that Plaintiff's Motion to Re–Depose be denied because Plaintiff has had "ample opportunity to obtain the information by discovery in the action." *See* Rule 26(b)(2) (C)(ii). No dispute exists in this matter that Meisel sat for his deposition earlier in these proceedings and that the deposition was conducted until completion. Accordingly, Plaintiff had an opportunity to question Meisel during the April 2, 2009, deposition regarding his disciplinary record at BSO. In fact, and as noted by Defendants, "Mr. Meisel's own disciplinary history at BSO was 'fair game' during the April 2, 2009 discovery deposition and absolutely could have been inquired into by Plaintiff." D.E. 112 at p. 7. The fault in failing to make such an inquiry lies with no one except Plaintiff. Indeed, Defendants did nothing to prevent Plaintiff from making what he now deems to be a relevant inquiry into Meisel's disciplinary record.

2010 WL 2609394, at *3 (S.D. Fla. June 27, 2010) (Rosenbaum, Mag. J.). The same is true here. Kimera could have used *some* of its seven hours to bolster its view that, "[t]hough Dr. Selinger may have some faults, she is certainly a credible witness." Motion to Depose at 10. That it chose not to avail itself of this opportunity is no one's fault but Kimera's.

5

Plus, Kimera doesn't contest that, "[b]efore the depositions of Dr. Selinger commenced, the parties' counsel discussed that Kimera's counsel would not take his full seven hours at once; rather, he would question Dr. Selinger for less than seven hours and then pass the witness to Defendants' counsel, leaving Kimera's counsel time to question her again after Defendants did." Defendants' Response at 2; *see also* January 4, 2024, Email from Plaintiff's Counsel [ECF No. 19-1] at 1 ("Concerning the deposition of Selinger, the plaintiff and defendants will have 7 hours each, for a total of 14 hours. Because Selinger will likely not appear at trial and the deposition will likely be her trial testimony, the deposition questions will likely straddle the two days, with plaintiff conducting direct, defendants cross, plaintiff re-direct. In other words, plaintiff will likely ask questions on the first and second day of the deposition and defendant will ask questions both days."). In its Reply, it's true, Kimera contends that it wasn't able "to reserve time for re-direct" on February 22, 2024, because of the Defendants' lack of "necessary cooperation." Reply at 2. Still, Kimera *could* have gone along with the parties' initial agreement—just as it *could* have used some of its seven hours to bolster Dr. Selinger's credibility. Ultimately, the Federal Rules limit depositions to seven hours over one day. *See* FED. R. CIV. P. 30(d)(1). And no party is *entitled* to extra time—especially when that party is just asking for permission to do something it could've done during its allotted deposition time.

*Third*, the case on which the Plaintiff principally relies—*Charles v. Wade*, 665 F.2d 661, 664 (5th Cir. 1982)—is both inapposite and non-binding. For one thing, *Charles* was decided by the Fifth Circuit after *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), in which the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down *before* October 1, 1981. *Charles* was published in 1982.[3] For another, as Kimera itself explains, the trial court

---

[3] Unsurprisingly, then, courts in our District have held that "*Charles* should not be treated as this Circuit's ultimate statement on the question" of whether parties are entitled to take "trial" depositions "given [*Charles*'s] very unique facts that presented a palpable sense of unfairness and formalism to the

in *Charles* "prohibited the appellant from deposing non-party Nixon prior to trial[.]" Motion to Depose at 4. Because the non-party in *Charles* had *never* been deposed at all when the district court denied the appellant's motion to depose, that case "provides no support for Kimera's argument" that we should grant it leave to depose "a non-party who has already provided over fourteen hours of deposition testimony." Selinger Response at 7.

In sum, the Plaintiff hasn't established good cause to re-open and extend Dr. Selinger's deposition. As we've said, contentious depositions are a part of litigation, and the mere fact that Kimera believes "time was wasted" doesn't overcome the risk of subjecting a non-party witness to cumulative and burdensome re-examination. Dr. Selinger has already provided more than the required seven hours of deposition time, and we see no reason to deviate *further* from Rule 30 in the circumstances presented here. Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. The Plaintiff's Motion for Leave to Depose Non-Party Witness Dr. Melissa Selinger [ECF No. 16] is **DENIED**.

2. The Plaintiff's Motion to Seal [ECF No. 23] is **DENIED as moot**.

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on April 12, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

---

detriment of a civil rights litigant." *Smith v. Royal Caribbean Cruises, Ltd.*, 302 F.R.D. 688, 692 (S.D. Fla. 2014) (Torres, Mag. J.); *see also Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360–61 (11th Cir. 2002) (holding that Chrysler's "reliance on *Charles*" was "misplaced" because, "[i]n *Charles*, the reason given by the district court for denying permission to take the deposition was simply that the discovery period had closed").